Argued February 6, reversed February 23, petition for rehearing denied March 21, 1967

BUELL, *Plaintiff, v.* JONES LUMBER
COMPANY, *Appellant,*
and
HAMILTON ET AL, *Respondents.*

423 P. 2d 966

*John R. Faust, Jr.,* Portland, argued the cause for appellant. With him on the brief were Cake, Jaureguy, Hardy, Buttler & McEwen, Portland.

Phillips, Coughlin, Buell & Phillips, Portland, filed a brief for respondents.

Before McALLISTER, Presiding Justice, and GOODWIN and FORT, Justices.

PER CURIAM.

Plaintiff, holding a $2,500 deposit in a real estate transaction, has interpleaded the Jones Lumber Company as buyer and E. P. Hamilton and others as sellers. Jones appeals a judgment in favor of the Hamiltons.

The conditions of the deposit by Jones called for payment to the Hamiltons upon release or extinction of a right of way over certain timber lands being acquired by Jones. Some eight years went by without action by the Hamiltons to eliminate the right of way.

The right of way was in favor of Ross Howard and others, none of whom were parties to this litigation. While there was a dispute below whether the right of way actually was a cloud on the Jones title, we need not now decide that question. It is clear that, unless Jones waived the condition, the Hamiltons were not entitled to the $2,500. The trial court held that Jones had waived the condition. The record does not, however, support that conclusion.

The contract between Jones and the Hamiltons had provided that the Hamiltons not only could not receive the deposit, but could not remove from the land certain timber reserved by them, until after the land had been freed from the right of way. The record shows that Jones expressly waived the condition insofar as the removal of timber was concerned. A variety of reasons account for the partial waiver. None had any bearing, however, upon the right of the Hamiltons to collect the $2,500.

It does not follow, therefore, that the waiver of the condition to the removal of certain timber worked an implied waiver of the condition to the payment of money. The right of way constitutes at the present time an apparent cloud on the title. Whether or not

the cloud is a serious flaw, the resolution of the problem may involve some cost. The Hamiltons have done nothing to entitle them to the deposit. Jones is entitled to its return.

Reversed.